IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 21-cr-439-GWC |
| KEITH PARNELL, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR JUDGEMENT OF ACQUITTAL
PURSUANT TO RULE 29**

Defendant Keith Parnell (hereinafter "Defendant"), by and through his counsel of record, renews his Motion for Judgment of Acquittal. Defendant moved for Judgement of Acquittal at the close of the Government's case pursuant to Federal Rule of Criminal Procedure 29(a). Defendant now moves pursuant to Federal Rule of Criminal Procedure 29(c); Defendant adopts those arguments made to the Court at the close of the Government's case and incorporates those arguments by reference. Defendant further extends those arguments as follows.

**MEMORANDUM OF POINTS AND AUTHORITIES**

If a rational jury could not find a defendant guilty beyond a reasonable doubt with the Government's evidence viewed in its most favorable light then a conviction cannot be sustained. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Defendant was convicted on seven of ten counts for which he was indicted by the jury in his trial. Conviction on these counts was improper because the Government failed to present at trial evidence sufficient to sustain a guilty verdict for any of the counts. The only evidence

provided to support each of the counts for which he was convicted was the testimony of a single witness for each count, the alleged victim who was describing events during a period of time between the ages of five to fourteen years old from twenty-four to fifteen years ago. The complaining witnesses' testimony was inherently unreliable through the combination of the extended period of time that has elapsed since the alleged criminal conduct and the age of the complaining witnesses when they claim the conduct occurred.

Furthermore, among other issues, the testimony of the complaining witnesses was contradicted by the Government's own witnesses with regards to those critical facts that could have been confirmed by third-party witnesses. For example, Government witness Jennifer Parnell is the only individual either complaining witness claimed had ever witnessed the charged sexual abuse other than the Defendant himself. Jennifer Parnell denied having ever witnessed any sexual abuse of the complaining witnesses by Defendant.

No other witnesses testified to having witnessed any sexual abuse by Defendant. Each of the seven people living in the two- and three-bedroom homes during the relevant time period testified at trial except Defendant and a sibling that was described by several witnesses as autistic. One complaining witness claimed she witnessed another sibling, Kayla Parnell, sexually abused by Defendant as well. Kayla Parnell denied this at trial. The same complaining witness claimed at trial her sibling, Branden Parnell, had witnessed sexual abuse or sexual impropriety by Defendant. Branden Parnell categorically denied this at trial.

Finally, the complaining witnesses failed to testify sufficiently specifically (or in some cases at all) with regard to the dates of the alleged criminal conduct charged in the indictment. Time is not an element of the offense, and "if the prosecution proves that the offense was

2

committed within a few weeks of the date, the proof will be deemed sufficient to hold [the] defendant responsible for the charge." *U.S. v. Charley*, 189 F.3d 1251, 1272 (10th Cir. 1999) *citing Kokotan v. U.S.*, 408 F.2d 1134, 1138 (10th Cir. 1969) (internal quotations omitted). However, as in Defendant's case, where the Government cannot prove a date reasonably near the date alleged in the indictment as to a specific count, the evidence is insufficient, and the jury's verdict should be reversed. *Id.* at 1273; *see also U.S. v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir. 1997).

Specifically, *Count 1* alleged specific criminal conduct from 1998 to 2004 but the Government's sole witness concerning the specifically alleged incident of sexual abuse did not testify that the incident occurred in this time period or on a date reasonably near the date alleged in the indictment. *Count 2* alleged specific criminal conduct from 2003 to 2004 but the Government's sole witness concerning the specifically alleged incident of sexual abuse did not testify that the incident occurred in this time period or on a date reasonably near the date alleged in the indictment. *Count 3* alleged specific criminal conduct from 2005 to 2006 but the Government's sole witness concerning the specifically alleged incident of sexual abuse did not testify that the incident occurred in this time period or on a date reasonably near the date alleged in the indictment. *Count 5* alleged specific criminal conduct in 2007 but the Government's sole witness concerning the specifically alleged incident of sexual abuse did not testify that the incident occurred in this time period or on a date reasonably near the date alleged in the indictment. *Count 6* alleged specific criminal conduct from 1998 to January 27, 2005 but the Government's sole witness concerning the specifically alleged incident of sexual abuse did not testify that the incident occurred in this time period or on a date reasonably near the date alleged

in the indictment. *Count 8* alleged specific criminal conduct from 2005 to 2007 but the Government's sole witness concerning the specifically alleged incident of sexual abuse did not testify that the incident occurred in this time period or on a date reasonably near the date alleged in the indictment. *Count 10* alleged specific criminal conduct from 2005 to 2007 but the Government's sole witness concerning the specifically alleged incident of sexual abuse did not testify that the incident occurred in this time period or on a date reasonably near the date alleged in the indictment.

## CONCLUSION

Even viewed in the light most favorable to the government, a rational jury could not find Defendant guilty beyond a reasonable doubt. Thus, this Court should grant Defendant's renewed Motion for Acquittal. Defendant respectfully requests that this Court so rule.

Respectfully submitted,

/s/ Theodore M. Hasse

_____
Theodore M. Hasse, Cal. Bar No. 257794
WIRTH LAW OFFICE
500 W. 7th Street
Tulsa, OK 74119
(918) 932-2800
(918) 932-2900 (Fax)
www.wirthlawoffice.com

ATTORNEY FOR DEFENDANT
KEITH PARNELL

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of March, 2022, I electronically transmitted the foregoing document to the Clerk of Court using ECF System for filing and transmittal of a Notice of Electronic Filing to the designated ECF registrants.

      /s/ Theodore M. Hasse
      _____
      Theodore M. Hasse