IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>KEITH DUANE PARNELL,<br><br>          Defendant. | Case No. 21-CR-439-GWC |

**Government's Response to Defendant's Motion for Judgment of Acquittal**

This Court should deny Defendant's renewed motion for a judgment of acquittal [Dkt. 49], pursuant to Federal Rule 29(a) and (c), because the testimony and evidence presented to the trial jury sufficiently established Defendant's guilt beyond a reasonable doubt.

A judgment of acquittal enables a court to "protect a defendant's due process rights by removing from jury consideration a charge with respect to which no rational trier of fact could find guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 317-319 (1979). A court's role is to determine whether the evidence presented, if believed, would establish the charged elements. United States v. Vallo, 238 F.3 1242, 1247 (10th Cir. 2001). If the standard is met, the court must defer to the jury's verdict. United States v. Evans, 42 F.3d 586, 589 (10th Cir. 1994). A motion for acquittal should be granted only if the evidence, viewed in the light most favorable to the government, is such that a reasonable juror could not

find the defendant guilty. United States v. McKissick, 204 F.3d 1282, 1289 (10th Cir. 2000); United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997).

The jury, as the finder of fact, is charged with resolving conflicting testimony, weighing the evidence, and drawing reasonable inferences from the facts presented. Id. At 1289; United States v. Nissen, 432 F.3d 1298 (10th Cir. 2020). The weight and credibility of the evidence is within the exclusive province of the jury. United States v. Castorena-Jaime, 285 F.3d 916, 933 (10th Cir. 2002). And a jury is entitled to believe all or part of the testimony of any given witness. United States v. Flores, 945 F.3d 687, 711 (2nd Cir. 2019); United States v. Gomez, 877 F.3d 76, 97. (2nd Cir. 2017).

If the evidence presented is to be believed, a reasonable juror could have found the defendant guilty. Reconsideration of the weight and credibility of the witness' testimony improperly invades the province of the jury. The testimony and evidence of Kayla and Jasmine Parnell, when viewed in light most favorable to the government, established the guilt of the defendant beyond a reasonable doubt.

For Count 1, Kelsey Blaylock testified the Defendant called her into the house at 904 SE 22nd Street, Pryor, Oklahoma (Tr. Ex. 1), and pulled her to the side of the door and leaned up against the wall, telling her he was going to show her a different way to kiss his boo boo. She testified that he pulled his pants down and placed his penis in her mouth. She testified that she was around 5 or 6 years old at the time and was either in kindergarten or first grade. Jennifer Parnell testified that the family lived in the house around 1999 for about a year. She also testified that

Kelsey Blaylock and Jasmine Parnell were born January 1993 – making the victims approximately 5 or 6 years old at the time of the sexual act.

For Count 2, Kelsey Blaylock testified that while she was living in the house at 116 S. Indianola Street, Pryor, Oklahoma, (Tr. Ex. 3), she fell asleep in the living room during a movie and woke up to having an orgasm. She testified her siblings were sleeping and observed the defendant with the nearby bathroom light. She testified the defendant spit on and rubbed her naked genitals, asking her if it felt good. She testified she was 10 or 11 years old. Jennifer Parnell testified that the family lived in the house in 2002 for close to a year – making the victim 9 or 10 years old at the time of the sexual act.

For Count 3, Kelsey Blaylock testified that while she was living in the house at 729 E. 460 Road, Pryor, Oklahoma, (Tr. Ex. 4), she fell asleep in the defendant's bedroom and woke up on her back with the defendant, on his knees, between her legs. She testified that his penis was rubbing on her vagina, the top of his penis right at the entryway, trying to push inside. She testified that she started to cry and that the defendant stopped. She testified that she was 11 or 12 years old at the time of the sexual act.

For Count 5, Kelsey Blaylock testified that while she was living in the house at 321 N. Mayes Street, Pryor, Oklahoma, (Tr. Ex. 6), she woke up on the couch to the defendant squatting down near her with his hands up her shirt, rubbing her bare breasts. She testified that she was 14 or 15 years old when the family moved into this house, making her over the age of 12 at the time of the sexual contact. Jennifer

Parnell testified that the family stayed in the house for about two years.

For Count 6, Jasmine Parnell testified that while she was living in the house at 116 S. Indianola Street, Pryor, Oklahoma, (Tr. Ex. 3), she was doing the dishes alone in the kitchen when the defendant came into the kitchen and put his hands inside her underwear, rubbing her genitals in a circular motion and asking her if it felt good. Again, Jennifer Parnell testified that the family lived in the house in 2002 for close to a year – making the victim 9 or 10 years old at the time of the sexual act.

For Counts 8 and 10, Jasmine Parnell testified that while she was living in the house at 729 E. 460 Road, Pryor, Oklahoma, (Tr. Ex. 4), she was home alone with the defendant when he called her into his bedroom. She testified that he touched her genitals with his fingers, inserted his fingers into her vagina, inserted his penis into her vagina and inserted his penis into her anus until he ejaculated on her stomach. She testified that at the time of the sexual act, she was in the 4th or 5th grade. She further recalled that at the time of the sexual act, she had started her period and began menstruating when she was in the 4th grade – making her 12 or 13 years old.

Despite the delay in the reporting and the passage of time, the testimony of the victims was inherently reliable. Each gave detailed accounts of every instance of sexual abuse, including the residences where the assaults occurred, approximately how old each were at the time of the assaults, what they were wearing, who was present in the homes, and what the defendant said during the assaults. They were also able to positively identify the defendant as the perpetrator of the repeated

assaults.

The victims did not testify to *specific* dates of each charged offense. However, they were able to testify sufficiently for the jury to reasonably draw inferences as to when the assaults occurred. And while their testimony was contradicted by Kayla and Branden Parnell, the jury is entitled to weigh the credibility of all witnesses and is entitled to not believe their testimony or believe only parts.

Accepting the testimony of the victims, along with the supporting testimony of other witnesses, along with the stipulations that the offenses occurred in Indian Country and that the defendant is Indian, the elements of each of the offenses for the jury's consideration were satisfied. The Court should not reconsider the weight and credibility of the witnesses, thereby invading the province of the trial jury, and should deny Defendant's renewed motion for a judgment of acquittal. The testimony and evidence presented sufficiently established Defendant's guilt beyond a reasonable doubt.

        Respectfully submitted,

        CLINTON J. JOHNSON
        United States Attorney

        */s/ Reagan V.Reininger*
        Reagan V. Reininger, OBA No. 22326
        Assistant United States Attorney
        110 W. 7th Street, Suite 300
        Tulsa, Oklahoma 74119
        reagan.reininger@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that, on this 29 of April, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and emailed a copy of the attorney of record:

Theodore M. Hasse
*Attorney for Defendant*

                                        */s/ Reagan V.Reininger*
                                        Reagan V. Reininger
                                        Assistant United States Attorney