IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH DUANE PARNELL,<br><br>Defendant. | Case No. 21-CR-439-GWC |

**Government's Response to Defendant's Motion for New Trial**

This Court should deny Defendant's motion for new trial [Dkt. 50], pursuant to Federal Rule 33, because the evidence Defendant was precluded from eliciting at trial did not prejudice him and was not against the interest of justice.

During the Government's case in chief[1], Defendant attempted to elicit testimony (1) from Kelsey Blaylock about a specific sexual assault by a third party that occurred subsequent to the charged conduct and (2) from witness Stephanie Hendrickson about Kelsey's disclosure of the subsequent sexual assault. Defense suggested that Kelsey Blaylock was using the details of the subsequent assault to explain the earlier allegations against the defendant. The Government objected to inquiry into any subsequent victimizations of Kelsey Blaylock by uncharged

---

[1] Fed. R. Evid. 412(c) requires the party intending to offer the evidence to file a motion specifically describing the evidence and stating its purpose, 14 days before trial.

individuals as it was irrelevant and improper. This Court overruled the defendant's motion and was precluded from eliciting such testimony.

Despite defendant's insistence that Fed. R. Evid. 412 is inapplicable and that the Government and Court continue to misunderstand his argument, the Government maintains that evidence of a victim's subsequent sexual contacts remain irrelevant and inadmissible. Defendant continues to argue that Kelsey Blaylock was using specific subsequent sexual experiences to explain her knowledge of the limited allegations of Count 3. Defendant's suggested theory that Kelsey Blaylock is "projecting" subsequent sexual experiences does not make the evidence more or less probable – as it does not explain the numerous other allegations made by the victim or numerous other allegations made by the other victim. Simply, the testimony from Stephanie Hendrickson about Kelsey's disclosure of a subsequent assault is inadmissible hearsay, of which no exceptions apply, and its exclusion did not unfairly prejudice the defendant.

Evidence is relevant if it has any tendency to make a fact more or less probable. Fed. R. Evid. 401. Relevant evidence is admissible unless the federal rules of evidence provide otherwise. Fed. R. Evid. 402. The Court may exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

The federal rules specifically address the exclusion of sexual behavior of victims, to safeguard the victims against the invasion of privacy, potential embarrassment and sexual stereotyping associated with public disclosure of intimate sexual details. Fed. R. Evid. 412 advisory committee notes. Evidence offered to prove that a victim engaged in other sexual behavior or evidence offered to prove a victim's predisposition is not admissible in a proceeding involving alleged sexual misconduct. Fed. R. Evid. 412(a). In a criminal case, limited exceptions apply. The court may admit evidence of specific instances of victim's sexual behavior if (1) offered to prove someone other than the defendant is the source of physical evidence, (2) offered to prove consent, or (3) the exclusion would violate the defendant's constitutional rights. Fed. R. Evid. 412(b).

Even if the Court finds Ms. Blaylock's testimony of a subsequent assault relevant, its exclusion was not unfairly prejudicial to the defendant and further prevented the jury from being unnecessarily confused and misled. Defendant's attempt to elicit testimony from Kelsey Blaylock does not fall under the enumerated exceptions permitted under Fed. R. Evid. 412. The evidence was not being admitted to show that someone other than the defendant is the source of any physical evidence. The evidence was not being admitted to show the victim offered consent. And the exclusion of the evidence did not violate the defendant's constitutional rights.

Defendant argues that Fed. R. Evid. 412 does not apply, as the evidence was not offered to prove that Kelsey Blaylock engaged in other sexual behavior but was offered to prove that Kelsey Blaylock was a victim of sexual abuse by another person. However, extrinsic evidence is not admissible to attack a witness' character for truthfulness. Fed. R. Evid. 608. Defendant suggests both victims lied and without any eyewitnesses, the jury's evaluation of the victims' credibility was limited. Defendant further suggests that evidence of a sexual assault of Kelsey Blaylock, years after she was molested by her father, could explain both victims' demeanor and behavior. Now defendant urges this Court to allow him to attack Kelsey Blaylock's character for truthfulness with extrinsic evidence, contrary to the rules of evidence. The Government fails to see how an assault of Kelsey Blaylock by a third party could assist the jury in evaluating the truthfulness of Jasmine Parnell or of Kelsey Blaylock. It is unclear if Jasmine Parnell was even aware of or had detailed knowledge of the subsequent assault.

Both victims testified in detail of the numerous accounts of sexual abuse they each endured by their father for nearly a decade. Each victim testified in detail to the circumstances surrounding each of the charged counts and uncharged conduct. Each victim identified the defendant as the perpetrator for each of the charged counts and the uncharged conduct. The examination into the details of a victimization of Kelsey Blaylock, years after the conduct charged in Count 3, to attack her credibility and the credibility of her sister is improper and was rightfully excluded. The Court should deny Defendant's motion for new trial as the

preclusion of such evidence did not prejudice him and was not against the interest of justice.

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney

*/s/ Reagan V. Reininger*
Reagan V. Reininger, OBA No. 22326
Assistant United States Attorney
110 W. 7th Street, Suite 300
Tulsa, Oklahoma 74119
reagan.reininger@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29 of April, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing, and emailed a copy of the attorney of record:

Theodore M. Hasse
*Attorney for Defendant*

                                                   /s/ *Reagan V. Reininger*
                                                   Reagan V. Reininger
                                                   Assistant United States Attorney