IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-439-GWC |
| ) | |
| KEITH DUANE PARNELL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR VARIANCE**

Defendant Keith Duane Parnell, by and through counsel, Assistant Federal Public Defender, Sarah A. McManes, moves this Court to grant a one-level variance from the advisory guideline sentence and impose a sentence of 30 years—the mandatory minimum on the controlling counts of conviction. Mr. Parnell further requests that the sentences for each count run concurrently with one another. Counsel submits that a thirty (30) year sentence is sufficient to further all purposes of sentencing and adequately punishes Mr. Parnell for the conduct of conviction.

Mr. Parnell was charged by way of a ten-count indictment alleging Aggravated Sexual Abuse of a Minor and Sexual Abuse of a Minor in Indian Country on October 5, 2021. The indictment alleged that the conduct of conviction occurred between 1998-2007. Mr. Parnell was on pretrial release from October 5, 2021 to March 10, 2022, when he was convicted of the instant offenses. Mr. Parnell was fully compliant with all rules and conditions of pretrial release during this time. Based upon a total offense level of 43 and a criminal history category of I, the guideline imprisonment range as calculated in the Presentence Investigation Report ("PSR") is life

imprisonment (PSR ¶ 90). The Defendant generally objects to the offense conduct as stated in the PSR and the corresponding guideline calculations (PSR ¶¶ 5-9, 15-67).[1] The Defense does not intend to make argument beyond this objection and does not anticipate calling any witnesses at sentencing as of the time of filing of this Motion.

### **Principles of Sentencing as Applied to Mr. Parnell**

The overarching consideration in sentencing is always that the sentence be sufficient but not greater than necessary to accomplish the purposes for sentencing as set forth in 18 U.S.C. § 3553(a). Mr. Parnell faces a mandatory-minimum sentence of thirty (30) years on the controlling counts of conviction—Counts 1, 2, 6, and 8. A thirty-year term of imprisonment—with all counts running concurrently—is more than sufficient to meet the stated purposes of sentencing.

For Mr. Parnell, a thirty-year sentence means that he will not have an opportunity for release prior to attaining the age of seventy-five (75)—if he has a meaningful opportunity for release at all. Three decades served in the Bureau of Prisons reflects the seriousness of the offense(s) and severely punishes Mr. Parnell for the conduct of conviction. Mr. Parnell's lack of criminal history and his compliance with pre-trial release are the best indicators of his ability to conform his conduct to the local, state, and federal law in the future; and, if granted the opportunity for release, he will be of such an age that the likelihood of recidivism is greatly diminished. Additionally, Mr. Parnell would be required to register as a sex-offender, and report to the United States Probation Office for a term of supervised release of *at least* five (5) years, further ensuring

---

[1] The Defense acknowledges that Mr. Parnell was convicted of Counts 1, 2, 3, 5, 6, 8 and 10 after a jury trial; however, objecting to the conduct of conviction is necessary to preserve the issue for appeal.

that he will be unlikely to re-offend. The following factors also weigh in favor of Mr. Parnell receiving a variance to the statutory minimum range of punishment:

### *History and Characteristics of the Defendant*

Mr. Parnell is a fifty-year-old, American Indian male, and an enrolled member of the Cherokee Nation. Throughout Mr. Parnell's childhood, he resided in north-east Oklahoma with his parents and his siblings. He attended Locust Grove Public Schools through the Tenth Grade. Mr. Parnell enrolled in a technical school upon his decision to discontinue his high school education, and he earned an apprentice license in electrical work in 1993. In 1997, Mr. Parnell married his now ex-wife, Jennifer Parnell, they were married for seventeen (17) years and share five (5) children together. Mr. Parnell has worked in various technical and trade capacities throughout his adult life, but his most recent and longest employment was with Kerr Environmental, where he drove a truck, often making "long haul" trips. Mr. Parnell was employed with Kerr Environmental for almost fifteen (15) years preceding his conviction on March 10, 2022, indicating that Mr. Parnell is a stable individual with the ability to meet all requirements of supervised release, if granted the opportunity to return to the community. Mr. Parnell maintains a relationship with his family—speaking to his siblings occasionally and keeping regular communication with his mother and three (3) of his children. Mr. Parnell's father died in 2006 of leukemia. Mr. Parnell has not been alleged to engage in any criminal conduct apart from the offenses of conviction in the instant case.

### *The Need for the Sentence Imposed to Accomplish the Purposes of Sentencing*

As discussed above, imposition of a 30-year sentence, accomplishes the purposes of sentencing upon considering Mr. Parnell's lack of criminal history, the lack of allegations of other criminal conduct, his age, familial ties, and his contributions to society.

### *The Need to Avoid Unwarranted Sentence Disparities*

The United States Sentencing Commission published statistics surrounding punishment in sexual abuse offenses across federal jurisdictions for the 2021 Fiscal Year.[2] The average sentence for offenders convicted of criminal sexual abuse under a statute that carries a mandatory minimum sentence was 297 months or approximately twenty-five years.[3] Moreover, 43.4% of all offenders convicted of criminal sexual abuse received a downward variance from the advisory guideline sentence, the average sentence reduction was 34.4%.[4] The statistical evidence of sentencing trends for like offenses across the United States shows that granting Mr. Parnell the opportunity for future release does not create an unwarranted disparity. In fact, a thirty (30) year sentence would place Mr. Parnell in a category with roughly half of all similarly situated offenders.

### *The Kinds of Sentences Available and the Sentencing Range Established for the Applicable Category of Offense Committed by the Applicable Category of Defendant*

This Court is limited in its sentencing options in the instant case, as the statute(s) of conviction provide for sentencing ranges of 30 years-life on Counts 1, 2, 6, 8 and 0-15 years on Counts 3, 5, and 10, respectively. As applied to Mr. Parnell, the Sentencing Guidelines recommend

---

[2] United States Sentencing Commission, *Quick Facts: Sexual Abuse Offenders*, September 15, 2022, Quick Facts on Sexual Abuse Offenses (ussc.gov).
[3] *Id.*
[4] *Id*.

a sentence of life imprisonment. However, as discussed above, the Defense submits to this Court that the imposition of a thirty-year sentence is adequate to accomplish the purposes of sentencing in the instant case.

## PRAYER FOR RELIEF

**WHEREFORE,** the Defendant, respectfully moves this Court to grant this Motion for Variance and requests this Court to sentence Mr. Parnell to a term of 30 years as to Counts 1, 2, 6 and 8 and a term of years within the range of punishment as to Counts 3, 5, and 10. The Defense further requests that all counts of conviction be run concurrently.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER
Julia L. O'Connell, Federal Public Defender

By:   s/ Sarah McManes
      Sarah McManes, OBA #33968
      Assistant Federal Public Defender
      One West Third Street, Suite 1225
      Tulsa, Oklahoma  74103
      Email:  Sarah_McManes@fd.org
      *Counsel for the Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 16 date of September 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Reagan Reininger
Assistant United States Attorney
reagan.reininger@usdoj.gov
Office of the United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119

Chantelle Dial
Assistant United States Attorney
chantelle.dial@usdoj.gov
Office of the United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119

                                                *s/Sarah McManes*
                                                Assistant Federal Public Defender