AO 245B   (Rev. 10/17) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Northern District of Oklahoma

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| KEITH DUANE PARNELL | ) | Case Number: 4:21CR00439-1 |
| | ) | USM Number: 69722-509 |
| | ) | Sara Ann McManes and McClayn Gullekson |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the Court.

☒ was found guilty on count(s)  One, Two, Three, Five, Six, Eight, and Ten of the Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1151, 1153, 2241(c) and 2246(2)(B) | Aggravated Sexual Abuse of a Minor Under 12 in Indian Country | 12/31/04 | 1 |
| 18 U.S.C. §§ 1151, 1153, 2241(c) and 2246(2)(D) | Aggravated Sexual Abuse of a Minor Under 12 in Indian Country | 1/27/05 | 2 and 6 |
| 18 U.S.C. §§ 1151, 1153, 2243(a) and 2246(2)(A) | Sexual Abuse of a Minor in Indian Country | 12/31/07 | 3 and 10 |
| 18 U.S.C. §§ 1151, 1153, 2243(a) and 2246(3) | Sexual Abuse of a Minor in Indian Country | 12/31/07 | 5 |
| 18 U.S.C. §§ 1151, 1153, 2243(a) and 2246(2)(C) | Sexual Abuse of a Minor in Indian Country | 12/31/07 | 8 |

The defendant is sentenced as provided in this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts Four, Seven, and Nive of the Indictment were dismissed on the motion of the United States on March 10, 2022, Dkt. # 45.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

October 3, 2022
Date of Imposition of Judgment

Signature of Judge

Geoffrey W. Crawford, Chief United States District Judge
Name and Title of Judge

4 October 2022
Date

AO 245B  (Rev. 10/17) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: Keith Duane Parnell
CASE NUMBER: 4:21CR00439-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 420 months. Said sentence shall consist of 420 months as to each of Counts One, Two, Six, and Eight, and 180 months as to each of Counts Three, Five, and Ten. Said counts shall run concurrently, each with the other.

☒ The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be designated to the Federal Correctional Institution, Texarkana, to allow him to work in electrical trade.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____.

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____.

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　　　By

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:       Keith Duane Parnell
CASE NUMBER:     4:21CR00439-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:   Five years, as to each of Counts One, Two, Three, Five, Six, Eight, and Ten. Said terms shall run concurrently, each with the other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
        Sheet 3A — Supervised Release

DEFENDANT:            Keith Duane Parnell
CASE NUMBER:      4:21CR00439-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervision, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 3B — Supervised Release

DEFENDANT:      Keith Duane Parnell
CASE NUMBER:    4:21CR00439-1

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall abide by the "Special Sex Offender Conditions" previously adopted by the Court, as follows:

    1. The defendant shall register pursuant to the provisions of the Sex Offender Registration Notification Act (SORNA) (Public Law 109-248) and any applicable state registration law.
    2. The defendant shall participate in and successfully complete sex offender treatment, to include a risk assessment and physiological testing, at a program or by a therapist and on a schedule approved by the probation officer. The defendant shall abide by the rules, requirements, conditions, policies and procedures of the program to include specific directions to undergo periodic polygraph examinations or other types of testing as a means to ensure that the defendant is in compliance with the requirements of his/her supervision or treatment program. The defendant shall waive any right of confidentiality in any treatment or assessment records to allow the probation officer to review the course of treatment and progress with the treatment provider. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation office, based on the defendant's ability to pay.
    3. Except for immediate family members,[1] the defendant shall have no contact with persons under the age of 18 unless approved by the probation officer. The defendant will immediately report any unauthorized contact with persons under the age of 18 to the probation officer. The defendant will not enter or loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by persons under the age of 18.
    5. The defendant shall submit his person, property, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic communication devices, data storage devices, or media, to a search, conducted by the probation officer at a reasonable time and in a reasonable manner, based on a reasonable suspicion of contraband or evidence of a violation of a condition of release (except as set forth in the Computer and Internet Restriction Condition (Paragraph 7(b)), if imposed). Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
    7. The defendant shall abide by the following computer restrictions and monitoring conditions:
        a.  The defendant shall disclose all electronic communications devices, data storage devices, e-mail accounts, internet connections and internet connection devices, including screen names, user identifications, and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his/her email accounts, connections, devices, or passwords.
        b.  The defendant shall allow the probation officer to install computer monitoring software on any computer, as defined by 18 U.S.C. § 1030(e)(1), that the defendant owns, utilizes or has the ability to access. The cost of remote monitoring software shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct periodic, unannounced searches of any computer subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. Additionally, the defendant shall warn other people who use these computers that the computers may be subject to searches pursuant to this condition.
        c.  The defendant shall not access any on-line service using an alias, or access any on-line service using the internet account, name, or designation of another person or entity; and shall report immediately to the probation officer access to any internet site containing prohibited material.
        d.  The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password protected files or other methods that limit access to, or change the appearance of, data and/or images.
        e.  The defendant is prohibited from altering or destroying records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state.

---

[1] "Immediate family member" is defined as siblings, children, grandchildren, persons to whom the offender stands in *loco parentis*, and persons living in the offender's household and related by blood or marriage.

AO 245B    (Rev. 10/17) Judgment in a Criminal Case
           Sheet 3B — Supervised Release

DEFENDANT:      Keith Duane Parnell
CASE NUMBER:    4:21CR00439-1

## SPECIAL CONDITIONS OF SUPERVISION

2. The defendant shall successfully participate in a program of mental health treatment and follow the rules and regulations of the program. The probation officer, in consultation with the treatment provider, will determine the treatment modality, location, and treatment schedule. The defendant shall waive any right of confidentiality in any records for mental health treatment to allow the probation officer to review the course of treatment and progress with the treatment provider. The defendant must pay the cost of the program or assist (co-payment) in payment of the costs of the program if financially able.

### U.S. Probation Officer Use Only

A U.S Probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this Judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B  (Rev. 10/17) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Keith Duane Parnell
CASE NUMBER: 4:21CR00439-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $700 | $1,550.37 | N/A | N/A | N/A |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Oklahoma Crime Victims' Compensation Board<br>421 North West 13th Street, Suite 290<br>Oklahoma City, Oklahoma 73103 | | $1550.37 | |

**TOTALS**   $ _____   $ __1550.37__

☐ Restitution amount ordered pursuant to Plea Agreement $ _____

☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

 ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

 ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 10/17) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: Keith Duane Parnell
CASE NUMBER: 4:21CR00439-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of $ 700  due immediately, balance due

    ☐  not later than _____ , or

    ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this Judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 90 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

    Any monetary payment is due in full immediately, but payable on a schedule to be determined pursuant to the policy provision of the Federal Bureau of Prisons' Inmate Financial Responsibility Program if the defendant voluntarily participates in this program. If a monetary balance remains, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $100 or 10% of net income (take home pay), whichever is greater, over the duration of the term of supervised release and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245 SOR (Rev. 11/1/16) Judgment in a Criminal Case
Attachment (Page 1) — Statement of Reasons

DEFENDANT: Keith Duane Parnell
CASE NUMBER: 4:21CR00439-001
DISTRICT: Northern District of Oklahoma

# STATEMENT OF REASONS
(Not for Public Disclosure)

*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

## I. COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A. ☒ The court adopts the presentence investigation report without change.

B. ☐ The court adopts the presentence investigation report with the following changes: *(Use Section VIII if necessary)*
*(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report)*

  1. ☐ **Chapter Two** of the United States Sentencing Commission **Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

  2. ☐ **Chapter Three** of the United States Sentencing Commission **Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

  3. ☐ **Chapter Four** of the United States Sentencing Commission **Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

  4. ☐ **Additional Comments or Findings:** *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

C. ☐ The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.
Applicable Sentencing Guideline: *(if more than one guideline applies, list the guideline producing the highest offense level)* _____

## II. COURT FINDINGS ON MANDATORY MINIMUM SENTENCE *(Check all that apply)*

A. ☒ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.

B. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below the mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

  ☐ findings of fact in this case: *(Specify)* _____

  ☐ substantial assistance *(18 U.S.C. § 3553(e))*
  ☐ the statutory safety valve *(18 U.S.C. § 3553(f))*

C. ☐ No count of conviction carries a mandatory minimum sentence.

## III. COURT DETERMINATION OF GUIDELINE RANGE: *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level: 43
Criminal History Category: I
Guideline Range: *(after application of §5G1.1 and §5G1.2)* ___life,___ as to each of Counts One, Two, Six and Eight
___180___ months, as to each of Counts Three, Five and Ten
Supervised Release Range: ___life,___ as to each of Counts One, Two, Three, Five, Six, Eight and Ten
Fine Range: $ 250,000 _____

☒ Fine waived or below the guideline range because of inability to pay.

| AO 245 SOR | (Rev. 11/1/16) Judgment in a Criminal Case<br>Attachment (Page 2) — Statement of Reasons | Not for Public Disclosure |
|---|---|---|

DEFENDANT:     Keith Duane Parnell
CASE NUMBER:   4:21CR00439-001
DISTRICT:      Northern District of Oklahoma

# STATEMENT OF REASONS

**IV.   GUIDELINE SENTENCING DETERMINATION** *(Check all that apply)*

    A. ☒ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.

    B. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*

    C. ☐ The court departs from the guideline range for one or more reasons provided in the Guidelines Manual.
        *(Also complete Section V)*

    D. ☐ The court imposed a sentence otherwise outside the sentencing guideline system (*i.e.*, a variance). *(Also complete Section VI)*

**V.    DEPARTURES PURSUANT TO THE GUIDELINES MANUAL** *(If applicable)*

    A. **The sentence imposed departs:** *(Check only one)*
        ☐ above the guideline range
        ☐ below the guideline range

    B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
       1. **Plea Agreement**
          ☐ binding plea agreement for departure accepted by the court
          ☐ plea agreement for departure, which the court finds to be reasonable
          ☐ plea agreement that states that the government will not oppose a defense departure motion
       2. **Motion Not Addressed in a Plea Agreement**
          ☐ government motion for departure
          ☐ defense motion for departure to which the government did not object
          ☐ defense motion for departure to which the government objected
          ☐ joint motion by both parties
       3. **Other**
          ☐ Other than a plea agreement or motion by the parties for departure

    C. **Reasons for departure:** *(Check all that apply)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 | High-Capacity Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 | Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.22 | Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| ☐ | 5K2.0 | Aggravating/Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ | 5K2.24 | Unauthorized Insignia |
| | | | | | | ☐ | 5K3.1 | Early Disposition Program (EDP) |

☐ Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

    D. **State the basis for the departure.** *(Use Section VIII if necessary)*

AO 245 SOR    (Rev. 11/1/16) Judgment in a Criminal Case                                                        Not for Public Disclosure
              Attachment (Page 3) — Statement of Reasons

DEFENDANT:     Keith Duane Parnell
CASE NUMBER:   4:21CR00439-001
DISTRICT:      Northern District of Oklahoma

# STATEMENT OF REASONS

**VI.  COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

    **A.  The sentence imposed is:** *(Check only one)*
       ☐ above the guideline range
       ☒ below the guideline range

    **B.  Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
       1. **Plea Agreement**
          ☐ binding plea agreement for a variance accepted by the court
          ☐ plea agreement for a variance, which the court finds to be reasonable
          ☐ plea agreement that states that the government will not oppose a defense motion for a variance
       2. **Motion Not Addressed in a Plea Agreement**
          ☐ government motion for a variance
          ☐ defense motion for a variance to which the government did not object
          ☒ defense motion for a variance to which the government objected
          ☐ joint motion by both parties
       3. **Other**
          ☐ Other than a plea agreement or motion by the parties for a variance

    **C.  18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
       ☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
          ☐ Mens Rea        ☐ Extreme Conduct        ☐ Dismissed/Uncharged Conduct
          ☐ Role in the Offense        ☐ Victim Impact
          ☐ General Aggravating or Mitigating Factors: *(Specify)* _____

       ☒ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
          ☐ Aberrant Behavior        ☐ Lack of Youthful Guidance
          ☐ Age        ☐ Mental and Emotional Condition
          ☒ Charitable Service/Good Works        ☐ Military Service
          ☒ Community Ties        ☐ Non-Violent Offender
          ☐ Diminished Capacity        ☐ Physical Condition
          ☐ Drug or Alcohol Dependence        ☐ Pre-sentence Rehabilitation
          ☐ Employment Record        ☐ Remorse/Lack of Remorse
          ☐ Family Ties and Responsibilities        ☐ Other: *(Specify)* _____
          ☐ Issues with Criminal History: *(Specify)* _____
       ☒ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
       ☐ To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
       ☐ To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
       ☐ To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
       ☐ To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*
       ☐ To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
       ☒ To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) *(Specify in section D)*
       ☐ To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
       ☐ Acceptance of Responsibility     ☐ Conduct Pre-trial/On Bond     ☐ Cooperation Without Government Motion for Departure
       ☐ Early Plea Agreement     ☐ Global Plea Agreement
       ☐ Time Served *(not counted in sentence)*     ☐ Waiver of Indictment     ☐ Waiver of Appeal
       ☐ Policy Disagreement with the Guidelines (*Kimbrough v. U.S.*, 552 U.S. 85 (2007): *(Specify)* _____

       ☐ Other: *(Specify)* _____

    **D.  State the basis for a variance.** *(Use Section VIII if necessary)*

AO 245 SOR   (Rev. 11/1/16) Judgment in a Criminal Case
             Attachment (Page 4) — Statement of Reasons                                      Not for Public Disclosure

DEFENDANT:      Keith Duane Parnell
CASE NUMBER:    4:21CR00439-001
DISTRICT:       Northern District of Oklahoma

# STATEMENT OF REASONS

### VII. COURT DETERMINATIONS OF RESTITUTION

A. ☐ **Restitution not applicable.**

B. **Total amount of restitution:** $   $1,550.37

C. **Restitution not ordered:** *(Check only one)*

   1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
   2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
   3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).
   4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).
   5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).
   6. ☐ Restitution is not ordered for other reasons: *(Explain)*

D. ☐ **Partial restitution is ordered for these reasons:** *(18 U.S.C. § 3553(c))*

### VIII. ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE *(If applicable)*

AO 245 SOR    (Rev. 11/1/16) Judgment in a Criminal Case
Attachment (Page 5) — Statement of Reasons    Not for Public Disclosure

DEFENDANT: Keith Duane Parnell
CASE NUMBER: 4:21CR00439-001
DISTRICT: Northern District of Oklahoma

## STATEMENT OF REASONS

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: May 27, 1972

Defendant's Residence Address: Custody

Defendant's Mailing Address: Same

Date of Imposition of Judgment: October 3, 2022

Signature of Judge
The Honorable Geoffrey W. Crawford
Chief United States District Judge
Name and Title of Judge

Date: 4 October 2022